UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Warren Picard,
    Plaintiff

    v.                                      Civil No. 05-cv-234-SM
                                          Opinion No. 2006 DNH 141
Hillsborough County Department
of Corrections, et al.,

**O R D E R**

Plaintiff, a former inmate at the Hillsborough County House of Corrections ("HCHC"), brings this action seeking damages for what he claims were violations of his rights under the First, Eighth, and Fourteenth Amendments to the Constitution. See generally 42 U.S.C. § 1983. Following dismissal of several of plaintiff's claims, two remain. In the first, plaintiff says defendants employed excessive force against him while they were transporting him between cells on May 8, 2005 (count two). Next, plaintiff alleges that, in response to certain litigation he pursued against them years earlier, defendants retaliated against him, in violation of his First Amendment rights (counts two and three).

Defendants move for summary judgment, asserting that there are no genuine issues of material fact and that they are entitled

to judgment as a matter of law. Plaintiff has not objected. For the reasons set forth below, defendants' motion is granted.

### Standard of Review

When ruling on a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Intern'l Ass'n of Machinists & Aero. Workers v. Winship Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

Here, because plaintiff has failed to file an objection to defendants' motion for summary judgment, the court will take as admitted the factual statements recited in defendants' memorandum and supporting affidavits. See Local Rule 7.2(b)(2) ("A memorandum in opposition to summary judgment shall incorporate a

short and concise statement of material facts, supported by appropriate record citations, as to which the adverse party contends a genuine dispute exists so as to require trial.  All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party."). See also McCrory v. Spigel, 260 F.3d 27, 31 (1st Cir. 2001) ("Although we view the evidence in the light most favorable to the nonmovant, as to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party.") (citations and internal quotation marks omitted).

**Discussion**

I.   Administrative Exhaustion.

The undisputed material facts of record demonstrate that plaintiff failed to exhaust available HCHC administrative remedies prior to filing this suit under 42 U.S.C. § 1983.  Such administrative exhaustion is a prerequisite to prisoner litigation under the Prison Litigation Reform Act, which provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  See also Booth v. Churner, 532 U.S. 731 (2001); Porter v. Nussle, 534 U.S. 516 (2002); Woodford v. Ngo, 126 S. Ct. 2378 (2006).

Having failed to properly exhaust available administrative remedies, plaintiff is statutorily barred from pursuing this litigation.  Defendants are, then, entitled to judgment as a matter of law as to the remaining counts of plaintiff's complaint (i.e., counts two and three).

II.  Plaintiff's Constitutional Rights were not Violated.

Even if plaintiff had properly exhausted available administrative remedies, his complaint would fair no better.  The undisputed material facts of record demonstrate that, as a matter of law, defendants did not employ excessive force when moving plaintiff between cells on May 8, 2005.  See generally Hudson v. McMillian, 503 U.S. 1 (1992); Whitley v. Albers, 475 U.S. 312 (1986).  The record also reveals that plaintiff was not the

victim of any unconstitutional retaliation in response to his having exercised his right of access to the courts.

## Conclusion

For the foregoing reasons, defendants' motion for summary judgment (document no. 27) is granted.  Plaintiff failed to properly exhausted available administrative remedies and, therefore, he is precluded from pursuing this litigation relating to the conditions of his confinement.  Moreover, even if he had properly exhausted his claims, they would fail on the merits.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

December 14, 2006

cc:   Warren Picard, pro se
      Carolyn M. Kirby, Esq.
      John A. Curran, Esq.
      Elizabeth L. Hurley, Esq.